Michael EDEN *v.* Charles L. DANIELS,
Director of Labor, State of Arkansas
and Rex E. SWANSON

CA 80-82                                            600 S.W. 2d 416

Court of Appeals of Arkansas
Opinion delivered June 4, 1980
Released for publication June 25, 1980

Appellant, *pro se*.

*Herrn Northcutt*, for appellees.

STEELE HAYS, Judge. This is an appeal from the Board of Review of the Arkansas Employment Security Division. The Agency had determined that the claimant, Michael Eden, was not entitled to unemployment insurance benefits on the basis that he willfully made a false statement of material fact while filing his claim in violation of Section 5(b)(2) of the Arkansas Employment Security Act. Consequently, the claimant was found to be disqualified for benefits for the five weeks in which he received benefits plus twenty-three additional weeks. Under Section 6(f)(1), the Agency determined that claimant received $120 per week for five weeks of unemployment insurance benefits to which he was not entitled. Hence, he was held to be liable to repay this amount. The Appeals Tribunal affirmed the ruling of the Agency. The claimant then appealed his decision to the Board of Review. The Board of Review affirmed the holding of the Appeals' Tribunal. Claimant now brings this appeal.

The sole issue for determination is whether there is substantial evidence to support the Board of Review's finding that claimant is disqualified from receiving unemployment insurance benefits because he made a false statement or misrepresentation of a material fact when filing his claim for unemployment benefits.

A brief synopsis of the facts is as follows: claimant had advertised in the local newspaper to contract for a painting job. He testified that he placed the advertisement in the newspaper for his brother who was coming from Mexico and needed work. A Mr. Rex Swanson called claimant and told

him that he had a painting job in Little Rock. Claimant testified that he contracted the job for his brother, Jeffrey Eden, and that he told Mr. Swanson this fact when he first entered into the contract. Claimant also testifies that his brother, Jeffrey, did paint the entire house except for a door which the claimant painted.

Mr. Swanson paid claimant $588.20 for the work. Claimant then testified that he paid the entire amount to his brother Jeffrey. His brother Jeffrey then gave claimant back $88.00 which claimant testified was for money Jeffrey borrowed for a dentist appointment, gasoline, and living expenses since Jeffrey had been living in the claimant's home.

Inasmuch as the events themselves are not in dispute, the issue presented is whether the inferences to be drawn from the events are consistent with the conclusions reached by the Board of Review, i.e., that claimant intentionally misrepresented a material fact when he filed his claim for unemployment insurance. Viewed in the light most favorable to appellant, it is clear that they are. *Harris* v. *Daniels*, 263 Ark. 897 (1978). We note that claimant's own testimony establishes a) that claimant did the initial advertising for the job; b) that claimant gave a receipt for the initial payment; c) that it was claimant's truck, painting tools and equipment that were used; d) that claimant actually participated in the work; e) that claimant went with his brother to be paid when the work was completed; f) that the check in payment was issued in claimant's name alone; and finally, g) claimant actually received a part of the proceeds. It can hardly be said that the inferences drawn by the Board of Review to the effect that claimant was indeed interested in the job and benefitted from it are not permissible under the evidence. That being so, claimant was obligated to make that information known when he drew his unemployment insurance. The language of *Harris* v. *Daniels*, supra, is particularly apropos:

"In appellate view . . . we must give the successful party the benefit of every inference that can be drawn from the testimony, viewing it in the light most favorable to the successful party, if there is any rational basis for the Board's findings based upon substantial evidence. Even

though there is evidence upon which the Board of Review might have reached a different result the scope of judicial review is limited to a determination whether the Board could reasonably reach its result upon the evidence before it and a reviewing court is not privileged to substitute its findings for those of the Board even though the Court might reach a different conclusion if it had made the original determination upon the same evidence considered by the Board. Even if the evidence is undisputed, the drawing of inferences is for the Board, not the courts."

We find that the decision of the Board of Review is supported by substantial evidence and should be affirmed.